UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------
SHARON NAGAR
on behalf of herself and
all other similarly situated consumers

                              Plaintiff,

      -against-

RUBIN & ROTHMAN LLC

                              Defendant.

-----------------------------------------------------------

# CLASS ACTION COMPLAINT

## *Introduction*

1. Plaintiff Sharon Nagar seeks redress for the illegal practices of Rubin & Rothman LLC, concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

## *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Islandia, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Sharon Nagar*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about November 30, 2021, Plaintiff received a summons and complaint from Rubin & Rothman LLC, filed on behalf of Fairfield Hewlett, LLC ("Fairfield") which *inter alia* stated that Ms. Nagar "leased or guaranteed the lease of real property from plaintiff, for which defendant(s) promised to pay rent." (See attached Exhibits)

11. Defendant made statements about certain facts in the summons and complaint without having any knowledge regarding whether or not this was actually the case.

12. The alleged debt was non-existent.

13. The balance that Defendant was seeking to collect was non-existent; Defendant made the Plaintiff believe that she in fact owed such an amount to Fairfield when it was not the case.[1]

14. Defendant violated 15 U.S.C. § 1692e(3) of the FDCPA as Defendant failed to verify the alleged debt as being owed by the Plaintiff to Fairfield.

---

[1] Vangorden v. Second Round, L.P., 897 F.3d 433 (2d Cir. 2018). ("Consumer stated a claim under §§ 1692e(2), 1692e(10), and 1692f(1) when she alleged that a collection letter falsely stated that she owed a debt and then requested payment on the alleged debt. Rejecting an argument by the collector that § 1692g shielded it from liability, the Second Circuit held that "nothing in the text of the FDCPA suggests that a debtor's ability to state a § 1692e or § 1692f claim is dependent upon the debtor first disputing the validity of the debt in accordance with § 1692g." Finally, the court concluded that a letter misstating "the very existence" of a debt can mislead the least sophisticated consumer regardless of the intent of the collector.")

15. If Defendant had in fact done its due diligence and verified the authenticity of the alleged debt, it would have discovered that the debt was non-existent and that the Plaintiff did not owe any such amount to Fairfield.

16. Defendant in its filed complaint against Ms. Nagar, failed to provide any detail as to the nature of the alleged debt, including the timeline as to when the parties had purportedly entered into a signed agreement, at what point had Ms. Nagar breached the said agreement with Fairfield, or the nature of the alleged breach of agreement.

17. Upon information and belief, Defendant, as a matter of pattern and practice, prepares and files in court, boiler-plate complaints against alleged debtors using language substantially similar or materially identical to that utilized by Defendant in the above-cited summons and complaint to Plaintiff.

18. Upon information and belief, Defendant files, or causes the filing of, thousands of lawsuits like the one filed against Ms. Nagar, without conducting any meaningful review of the accounts.

19. The lawsuits the Defendant files, or causes to be filed in court, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

20. The said summons and complaint is a standardized form template used against all alleged debtors.

21. The FDCPA at section 1692e(10) prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

22. The said lawsuit filed against Ms. Nagar was an effort to coerce her into making a payment on the subject debt. Defendant deceptively and misleadingly represented that it possessed

and reviewed information regarding matters related to the debt when in fact, upon information and belief, it was not the case.

23. It is well settled that that the failure to disclose information is deceptive, if necessary, qualifications are not made, material information is omitted, or the disclosures made are too inconspicuous.

24. If the debt collector in fact has no actual knowledge on which to base the assertion at the time it is made, then the statement is inherently deceptive.[2]

25. Despite Defendant's careless lack of knowledge, it made such statements with reckless disregard for its truth, with the sole objective of coaxing Plaintiff into paying the obligation allegedly due.

26. This inherently deceptive and misleading statements used in connection with the collection of a debt violates 15 U.S.C. § 1692e.

27. Defendant deceptively engaged in the collection of an invalid debt purportedly owed by the Plaintiff.

28. Section 1692e of the FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt."

29. Section 1692(f) of the FDCPA states:

> "A debt collector may not use unfair or unconscionable means to collect

---

[2] See Forsberg v. Fidelity Nat. Credit Services, Ltd., 2004 WL 3510771, at *5 (S.D. Cal. Feb. 26, 2004). ("even literally true statements . . . are deceptive if the statement is subject to an interpretation or contains an implication with the capacity to deceive.") (alterations omitted).

> or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

30. Defendant misrepresented the legal status of the alleged debt, as the debt was not owed by the Plaintiff.[3]

31. Defendant is liable for its misrepresentations even if the-unsubstantiated statements subsequently turn out to be true, since a debt collector cannot justify any groundless statements made in an attempt to coerce payment from a consumer, so long as that debt collector is lucky enough to learn later that the statements made absent foundation were not literally false.

32. Debt collectors who convey literal truths, partial truths, or ambiguous statements to consumers are still in violation of the FDCPA if they are misleading. Under § 1692e, a debt collector's statement must not only be true, it must also avoid ambiguity and unnecessary bullying or intimidation.[4]

---

[3] See Vangorden v. Second Round, Ltd. P'ship, No. 17-2186-cv, 2018 U.S. App. LEXIS 20939, at *7-9 (2d Cir. July 27, 2018) ("In sum, because [the debtor] pleaded facts plausibly asserting [the debt collectors] misrepresentation of her Debt obligation, her § 1692e(2) claim should not have been dismissed under Fed. R. Civ. P. 12(b)(6). Further, because the June Letter, after allegedly misstating [the debtors] Debt obligation, requested payment of the Debt, we conclude that [the debtor] has plausibly alleged that [the debt collector] both used a "false representation" in a debt collection effort in violation of § 1692e(10), and attempted to collect a debt amount not "expressly authorized by the agreement creating the debt or permitted by law" in violation of § 1692f(1)...Thus, by pleading that defendant attempted to collect an amount not authorized by agreement or permitted by law, the plaintiff has stated a plausible claim under § 1692f(1) without need for further allegations of unfairness or unconscionability.") Lee v. Kucker & Bruh, LLP, 2013 U.S. Dist. LEXIS 110363, 2013 WL 3982427 (S.D.N.Y. Aug. 2, 2013). ("Defendants argue that they are not liable for violating the FDCPA because they did not know that they were misrepresenting that Mr. Lee's account was delinquent. ([Footnote 1] Defendants rely on the decision in *Stonehart v. Rosenthal*, No. 01 Civ. 651, 2001 U.S. Dist. LEXIS 11566, 2001 WL 910771, at *6 (S.D.N.Y. Aug. 13, 2001) (holding that to "state a claim under § 1692e(2) of the FDCPA, [the plaintiff] must show that [the debt collector] knowingly misrepresented the amount of the debt"), and similar district court cases inside and outside this circuit. These cases, however, are at odds with binding Second Circuit precedent.), See also Goldman v. Cohen, No. 01 Civ. 5952, 2004 U.S. Dist. LEXIS 25517, 2004 WL 2937793, at *10, n.11 (S.D.N.Y. Dec. 17, 2004), aff'd on other grounds, 445 F.3d 152 (2d Cir. 2006). (concluding that analysis in *Stonehart* contradicts the plain language of 1692k(c) and the law as stated by the Second Circuit). This argument is contrary to binding Second Circuit precedent. The Defendants here are strictly liable for their violation of § 1692e. This Court holds that the misrepresentation in the Three-Day Notice, the Verification and the Petition for summary nonpayment eviction of a debt supposedly owed by Mr. Lee for rent and fuel charges, when in fact he was current on his payments, is a violation of § 1692e(2)(A)."), Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, No. 16-2165-cv, 2017 BL 407422 (2d Cir. Nov. 14, 2017). ("[S]ection 1692f contains a non-exhaustive list of unfair practices, including the collection of an invalid debt."))

[4] Russell v. Equifax A.R.S., 74 F.3d 30, 32 (2d Cir. 1996). ("[A] collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate."); *Forsberg v. Fidelity Nat'l Credit Serv. Ltd.,* Case No. 03-cv-2193, 2004 WL

33. Defendant's statement would be deceptive to almost any consumer and it would certainly mislead the most ignorant, unthinking, and credulous portion of the population described by the Second Circuit in *Clomon v. Jackson, 988 F. 2d 1314 - Court of Appeals, 2nd Circuit 1993*.

34. Defendant violated 15 U.S.C. §§ 1692e(2)(A), 1692e(3), 1692e(10) and 1692f(1) of the FDCPA for the false representation of the character, amount, or legal status of the debt, for the failure to accurately review and verify the nature of the debt and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

35. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

36. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

37. Plaintiff suffered actual damages, including but not limited to: pecuniary expenses from being forced to hire an attorney, undue stress and anxiety as a result of the Defendant's violations of the FDCPA.

38. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

39. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

40. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

---

3510771, at *6 (S.D. Cal. Feb. 26, 2004) (suggesting that defendant debt collector's "bluffing" in an "attempt to pressure and intimidate plaintiff" would constitute a violation of § 1692e(10)); *Cacace,* 775 F. Supp. at 506 (entering summary judgment for plaintiffs in FDCPA case under § 1692e where debt collector inaccurately threatened that if it brought action against plaintiffs, then the commencement of litigation would automatically cause attachment of plaintiff's property); *Rosa v. Gaynor,* 784 F. Supp. 1, 4 (D. Conn. 1989) (holding that a letter that created a "false sense of urgency" and listed "intimidating" and "bullying" remedies was unlawfully deceptive)

41. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

42. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

43. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

44. As an actual and proximate result of the acts and omissions of the Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

45. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty-four (44) as if set forth fully in this cause of action.

46. This cause of action is brought on behalf of Plaintiff and the members of a class.

47. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who received a boiler-plate summons and complaint in substantially the same form as the one received to the Plaintiff on or about November 30, 2021; and (a) the

lawsuit was sent to a consumer seeking payment of a personal debt purportedly owed to Fairfield Hewlett, LLC; and (b) the Plaintiff asserts that Defendant violated 15 U.S.C. §§ 1692e(2)(A), 1692e(3), 1692e(10) and 1692f(1) of the FDCPA for the false representation of the character, amount, or legal status of the debt, for the failure to accurately review and verify the nature of the debt and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

48. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that a form, boiler-plate summons and complaint is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such boiler-plate legal documents (*i.e.,* the class members), a matter capable of ministerial determination from the records of Defendant.

   D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and

    collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

49. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

50. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

51. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

52. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

53. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B.  Attorney fees, litigation expenses and costs incurred in bringing this action; and

C.  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
December 20, 2021

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

# EXHIBITS

DISTRICT COURT OF THE COUNTY OF NASSAU          Index No.          CV-016463-21
FIRST DISTRICT: HEMPSTEAD

FAIRFIELD HEWLETT, LLC                                   SUMMONS (COPY)

                    Plaintiff

    -against-
                                      The basis of venue is:
SHARON NAGAR
                                      DEFENDANT'S RESIDENCE

                    Defendant(s)     Plaintiff's Residence:
                                       538 BROADHOLLOW RD. 3RD FL EAST
                                       MELVILLE, NY 11747
To the above named defendant(s):   County of SUFFOLK

YOU ARE HEREBY SUMMONED and required to appear in the District Court of
the County of Nassau, First District, at the office of the Clerk of the
said court at 99 Main Street, Hempstead, in the County of Nassau, State of
New York, by serving an answer to the annexed complaint upon plaintiff's
attorney, at the address stated below, or if there is no attorney, upon the
plaintiff, at the address stated above, within the time provided by law as
noted below; upon your failure to answer, judgment will be taken against
you for the relief demanded in the complaint, together with the costs of
this action.

Dated: Islandia, New York
      NOVEMBER 16, 2021                      RUBIN & ROTHMAN, LLC
                                              Attorneys for Plaintiff
                                              1787 Veterans Highway
                                              Islandia, N.Y. 11749
                                              (631) 234-1500

NOTE: The law or rules of court provide that:
    (a) If this summons is served by its delivery to you, or (for a corpora-
tion) an agent authorized to receive service, personally within the County
of Nassau, you must answer within 20 days after such service;
    (b) If this summons is served otherwise than as designated in subdivision
(a) above, you are allowed 30 days to answer after the proof of service is
filed with the Clerk of this Court.
    (c) You are required to file a copy of your answer together with proof of
service with the clerk of the district in which the action is brought with-
in ten days of the service of the answer.

DEFENDANT(S) ADDRESS:

    SHARON NAGAR

    [address redacted]

RECEIVED
NOV 29 2021
DISTRICT COURT CIVIL ___
99 MAIN STREET HEMPSTEAD

WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE
USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
                    NYC DCA LIC. 2045512
Our File No. 1256572     Y          33          125916-     7     V     SI

                            000006164285     

DISTRICT COURT OF THE COUNTY OF NASSAU  
FIRST DISTRICT: HEMPSTEAD

Index No.

FAIRFIELD HEWLETT, LLC

            Plaintiff

SUMMONS (COPY)

-against-

SHARON NAGAR

            Defendant(s)

The basis of venue is:

DEFENDANT'S RESIDENCE

Plaintiff's Residence:  
538 BROADHOLLOW RD. 3RD FL EAST  
MELVILLE, NY 11747  
County of SUFFOLK

To the above named defendant(s):

YOU ARE HEREBY SUMMONED and required to appear in the District Court of the County of Nassau, First District, at the office of the Clerk of the said court at 99 Main Street, Hempstead, in the County of Nassau, State of New York, by serving an answer to the annexed complaint upon plaintiff's attorney, at the address stated below, or if there is no attorney, upon the plaintiff, at the address stated above, within the time provided by law as noted below; upon your failure to answer, judgment will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: Islandia, New York  
      NOVEMBER 16, 2021

RUBIN & ROTHMAN, LLC  
Attorneys for Plaintiff  
1787 Veterans Highway  
Islandia, N.Y. 11749  
(631) 234-1500

NOTE: The law or rules of court provide that:  
  (a) If this summons is served by its delivery to you, or (for a corporation) an agent authorized to receive service, personally within the County of Nassau, you must answer within 20 days after such service;  
  (b) If this summons is served otherwise than as designated in subdivision (a) above, you are allowed 30 days to answer after the proof of service is filed with the Clerk of this Court.  
  (c) You are required to file a copy of your answer together with proof of service with the clerk of the district in which the action is brought within ten days of the service of the answer.

DEFENDANT(S) ADDRESS:

    SHARON NAGAR

RECEIVED  
NOV 29 2021  
DISTRICT COURT CIVIL DEPT  
99 MAIN STREET HEMPSTEAD

WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  
NYC DCA LIC. 2045512

Our File No. 1256572   Y   33   125916-   7   V   SLC 00

...COURT OF THE COUNTY OF NASSAU  
...ST DISTRICT: HEMPSTEAD

Index No.

FAIRFIELD HEWLETT, LLC

                Plaintiff

     -against-

SHARON NAGAR

                Defendant(s)

COMPLAINT (COPY)

Plaintiff, by its attorneys, complaining of the defendant(s), alleges:

      AS AND FOR A FIRST CAUSE OF ACTION

1. Defendant(s) resides in the county in which this action is brought; or transacted business in the county in which this action is brought in person or through an agent, and this cause of action arose out of said transaction. Plaintiff is not required to be licensed by the NYC Dept of Consumer Affairs because it is the original creditor.

2. Plaintiff is a partnership.

. Defendant(s) leased or guaranteed the lease of real property from plaintiff, for which defendant(s) promised to pay rent.
. Defendant(s) failed to pay rent and additional rent for the period after 7/01/17 as a result of which defendant(s) owes plaintiff $ 1,375.00

HEREFORE, plaintiff requests judgment against defendant(s) for the sum of 1,375.00 with interest at .00 % per annum on $ 1,375.00 from 7/01/17 together with costs and disbursements.

NOVEMBER 16, 2021

RUBIN & ROTHMAN, LLC  
Attorneys for Plaintiff  
1787 Veterans Highway  
Islandia, NY 11749  
(631) 234-1500

eponent is an attorney associated with Rubin & Rothman, LLC. To the best f deponent's knowledge, information and belief, formed after an inquiry easonable under the circumstances, the summons and complaint or the ontentions therein are not frivolous as defined in section 130-1.1(c) the Rules of the Chief Adm. and the matter was not obtained through legal conduct or in violation of 22 NYCRR 1200, Rule 4.5.

JOSEPH LATONA

ted:   NOVEMBER 16, 2021

ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  
NYC DCA LIC. 2045512

125916-    7    V    SLC 00  
34

File No. 1256572    X

000006164285